478 F.2d 1400
 5 Fair Empl.Prac.Cas. 1252, 5 Empl. Prac.
Dec. P 8648
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Mays, Appellant
v.
John Hubbard Chaffee, Secretary of Department of Navy,
Charleston Naval Shipyard, Appellee.
 No. 72-1692.
 United States Court of Appeals, Fourth Circuit.
 May 30, 1973.
 
 Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 Robert Mays appeals from the district court's order dismissing his claim that he was denied a within-grade pay raise on the basis of his race. On March 11, 1968, Mays, who was employed at the Charleston Naval Shipyard as a GS-11 chemist, was notified that he was being denied an annual within-grade salary increase because of unsatisfactory job performance. Mays contended that the denial was motivated by his superiors' racial prejudice and their displeasure with his outspokenness. At an administrative hearing on August 22, 1968, the presiding officer dismissed Mays' complaint. Mays appealed this decision to the Civil Service Commission Board of Appeals and Review, which concluded on January 22, 1969, that "the decision to withhold Mr. Mays' within-grade salary increase was based on documentary evidence of his failure to meet an acceptable level of work performance, and there is no evidence that such action constituted an act of reprisal." Thereafter, the present action was instituted in the district court, which, after a hearing on May 16, 1972, granted the defendant's motion to dismiss. The record fully supports the district court's conclusion that no criterion other than job performance was a factor in the withholding of the pay raise. We therefore affirm the judgment of the district court.
 
 
 2
 Affirmed.